IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY HAMBURG, IDOC # S09912,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 11-73-GPM |
| | ) |
| **MARION COUNTY JAIL,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Terry Hamburg, a prisoner in the custody of the Illinois Department of Corrections who currently is serving a sentence of four years' imprisonment at the Menard Correctional Center for manufacturing methamphetamine, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by a person acting under color of state law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

In his pro se complaint Hamburg alleges that he was strip-searched without his consent or probable cause while confined at Defendant Marion County Jail ("the Jail") in Salem, Illinois, presumably during a period when Hamburg was a pretrial detainee at the Jail. Pursuant to 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. A correctional facility, such as the Jail, is not a "person" within the meaning of Section 1983. *See Marion v. Columbia Corr. Inst.*, No. 07-C-243-C, 2009 WL 1181255, at *5 (W.D. Wis. May 1, 2009); *Schoenlein v. Halawa Corr. Facility*, Civil Nos. 08-00073 JMS/KSC, 08-00074 JMS/KSC, 08-00075 JMS/KSC, 2008 WL 495536, at *3 (D. Haw. Feb. 22, 2008);

*Jones v. Armstrong*, No. 3:05CV450(RNC), 2006 WL 860095, at *2 (D. Conn. Mar. 31, 2006); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976). *Cf. James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 n.2 (S.D. Ill. Aug. 19, 2009 (citing *Wilson v. Post Conviction Hearing Act of Commonwealth of Pa.*, 321 F. Supp. 1234, 1235 (W.D. Pa. 1971)) (a state statute is not a person that can be sued under Section 1983). The Jail, which is not a person for purposes of Section 1983, is the only Defendant named in Hamburg's complaint; Hamburg's complaint fails to name any person responsible for the deprivation of Hamburg's constitutional rights alleged in the complaint. However, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Too, "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir. 2009) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)) (noting that "Section 1983 does not establish a system of vicarious responsibility" and therefore "public employees are responsible for their own misdeeds but not for anyone else's."). The Court concludes that Hamburg's complaint must be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Hamburg's complaint in this case fails to state a claim on which relief may be granted. Therefore, this case is **DISMISSED with prejudice**. Hamburg's motion for appointment of counsel (Doc. 3) is **DENIED as moot**. Hamburg is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: January 29, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge